**In re SIMS OFFICE SUPPLY, INC., Debtor.**

**SIMS OFFICE SUPPLY, INC., Plaintiff,**

v.

**KA–D–KA, INC., Defendant.**

**Bankruptcy No. 87–967–BKC–6P7.**
**Adv. No. 87–103.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 12, 1989.

David R. McFarlin, Orlando, Fla., for plaintiff.

Robert Young, Orlando, Fla., for defendant.

George E. Mills, Jr., Orlando, Fla., trustee.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion for Summary Judgment filed by the Plaintiff, Sims Office Supply, Inc. (Debtor). The Debtor seeks an Order from this Court determining that there are no genuine issues of material facts, and it is entitled to a judgment as a matter of law against KA–D–KA, Inc. (Defendant). This proposition is based on the contention that the Defendant's security interest is limited to the Debtor's inventory, accounts and equipment which were sold to the Debtor by the Defendant in accordance with a purchase agreement, but that the Defendant's security interest does not include after-acquired property. The Court has considered the Motion, together with the record, and now finds and concludes as follows.

At the time relevant, Suman Nayee, who is also a debtor in a separate liquidation case, acquired all the shares in the Debtor corporation. On May 15, 1984, the Debtor and the Defendant entered into an asset-sale and purchase agreement (the Purchase Agreement). In connection with this transaction, the Debtor and the Defendant entered into a security agreement dated May 1, 1984. Pursuant to the terms of the security agreement, the Debtor granted the Defendant a security interest in the following personal property (the collateral): (a) all accounts sold to the Debtor by the Defendant in accordance with the Purchase Agreement; (b) all equipment sold to the "Debtor" by the Defendant in accordance with the Purchase Agreement; and, (c) all inventory sold to the Debtor by the Defendant in accordance with the Purchase Agreement.

On November 4, 1984, the Debtor purchased all the assets and the shares in a corporation known as "Atlantic Office Supply, Inc." It appears that all the assets of Atlantic Office Supply were consolidated with the assets of the Debtor corporation. In connection with this transaction, the Debtor and Mr. Nayee negotiated and obtained a loan for the financing of the purchase of Atlantic Office Supply. The loan was obtained from Exchange Bank. Pursuant to that agreement, Exchange Bank was granted a security interest in all the assets of Sims Office Supply, which as mentioned above, were the consolidated assets of the Debtor and Atlantic Office Supply.

It is the Defendant's contention that it holds a security interest in the combined assets of the Debtor, which is in a second position to Exchange Bank's security interest pursuant to a subordination agreement the Defendant entered into with the Debtor on June 4, 1984. Notwithstanding the clear language of the security agreement, the Defendant contends that it has a security interest in after-acquired property of the Debtor. According to the president of the Debtor corporation, it was clearly understood during all negotiations with the Debtor between the Debtor and the Defendant that all the assets which the Debtor would acquire in the future in replacement of the assets that were sold by the Defendant to the Debtor would secure the indebtedness owed by the Debtor to the Defendant.

The Debtor concedes the validity of the security interest of the Defendant, but contends that its security interest is limited to the assets that were acquired from the Defendant by the Debtor and that the security interest of the Defendant does not extend to the after-acquired assets.

In support of this proposition, the Debtor urges that the Court look at the four corners of the original security agreement, which the Debtor contends contains clear and unambiguous language, setting forth specifically the assets which were pledged as the collateral to secure the Debtor's indebtedness to the Defendant. It is undisputed that that language has a reference only to the assets that the Debtor acquired from the Defendant at the time of the Purchase Agreement. Nowhere is there any language in the document concerning future assets acquired by the Debtor, i.e.,

the assets acquired later from Atlantic Office Supply.

This Court is satisfied upon a review of the security agreement that the document does not contain an after-acquired property clause. Indeed, it expressly and unambiguously limits the Defendant's security interest to certain items of inventory, accounts, and equipment previously "sold to the Debtor by the Defendant in accordance with the Purchase Agreement" dated May 15, 1984.

Section 679.204(1), Fla.Stat. (UCC § 9–204) provides that a security agreement may provide that collateral includes after-acquired property. Section 679.204(2) refers to an after-acquired property clause and also refers to a security interest arising by virtue of such an after-acquired property clause.

However, it is equally clear that under the Uniform Commercial Code, a security interest does not automatically extend to after-acquired property. A security interest in after-acquired property can only arise where the security agreement contains an after-acquired property clause and it is evident that the parties intended that the security interest would attach to after-acquired property *and* (emphasis added) the security agreement is ambiguous concerning an after-acquired property clause. In this instance, the clear and unambiguous language of the security agreement, which was entitled, "Complete Agreement", precludes the introduction of extrinsic evidence, contradict, vary or modify the security agreement so as to include after-acquired property. Since the parol evidence rule states that parol evidence is inadmissible to modify, alter or affect the construction of a written contract expressed in clear and unambiguous terms, this Court is satisfied that the affidavit of the president of the Defendant cannot be considered. In the case of *In re Taylored Products, Inc.,* 5 UCC Rep.Serv. 286 (W.D.Mich.1968), the court held that parol evidence was not admissible to show an alleged intent of the parties to include after-acquired property where the security agreement did not otherwise provide for after-acquired property.

The court there reasoned that even if it were to allow parol evidence, the intent of the parties at the time of the agreement could not have been to include after-acquired property as collateral. In particular, the court noted that it was inconceivable that the negotiators, including two experienced commercial attorneys, could have intended to include after-acquired property as collateral and yet overlook this issue when the document was drafted.

In the present instance, the Debtor through its president, and the Defendant through its president, both experienced businessmen, entered into an agreement which defined the collateral as being those items of inventory, equipment and accounts sold by the Defendant to the Debtor in accordance with the Purchase Agreement on May 15, 1984. The clarity of this language of the security agreement cannot be questioned. Moreover, the security agreement contains language that indicates that it is a complete agreement between the parties, and that the security agreement may not be altered, amended or otherwise modified. This provision clearly indicates that the parties intended that the security agreement embody the entire agreement.

Based on the foregoing, this Court is satisfied that the Debtor's Motion for Summary Judgment should be granted, and this Court determines that the Defendant's security interest is limited to the assets contemplated in the May 15, 1984, agreement entered into between the parties.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment be, and the same is hereby, granted, and the Defendant's security interest is limited to those assets contemplated in the May 15, 1984, agreement.

A separate Final Judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.